PRESIDENT, DIRECTORS AND COMPANY OF THE MERCHANTS' BANK OF NEWBURYPORT *vs.* JOSHUA T. STEVENSON & others.

*It seems*, that the payment of dividends and preferred debts in insolvency out of the estate of a manufacturing corporation does not diminish the liability of its directors under the Rev. Sts. *c.* 38, § 25, for the excess of its debts over its capital stock.

The liability of directors of a manufacturing corporation under the Rev. Sts. *c.* 38, §§ 25, 29, 31, for the excess of its debts over its capital stock, must be enforced by bill in equity, and not by action at law, if the debts for which the directors are so liable amount to more than such excess.

ACTION OF TORT upon the Rev. Sts. *c.* 38, § 29, against the directors of a manufacturing corporation. Writ dated January 15th 1856.

The declaration set forth the making by the Glendon Rolling Mill, on different days between September 15th and November 15th 1852, of four promissory notes to the plaintiffs, and the liability of that corporation to them at the time of the making of each note ; the amounts of the capital stock actually paid in, and of the debts of the corporation ; that such debts exceeded the amount of such capital stock ; and "that the defendants, at the time said note was made, were officers of said corporation, to wit, the directors thereof, whereby and by force of the statute in such case made and provided the defendants became liable to pay to the plaintiffs the amount of said note and interest thereon, and an action has accrued to the plaintiffs to have and demand the same of the defendants."

The defendants severally demurred to the declaration, and assigned the following causes of demurrer :

1st. That it did not appear that at the time when this action was brought the debts owed by the corporation did exceed the amount of its capital stock actually paid in, or, if such excess had at any previous time existed, that the whole debt of the corporation had not then been reduced to the amount of its said capital stock.

2d. That it appeared that at the times of contracting the several debts of the corporation, mentioned in the declaration,

there were other creditors of the corporation, having claims simi-lar to the plaintiffs, who were not made parties to this suit.

3d. That such creditors were entitled to claim of the defend-ant and the other directors of the corporation, a proportional payment of their respective demands, on account of the said alleged excess; and that their rights and the plaintiffs', and the liabilities, if any, of the defendant and the other directors of the corporation to them, could not be determined at law, but only by bill in equity.

The case was submitted to the decision of the court upon the declaration and the demurrers, and the following facts, which it was agreed, for the purposes of this hearing, should be con-sidered as if alleged in the declaration and admitted by the demurrers :

Said manufacturing corporation was chartered in March 1847 with a capital of $500,000, all but $200 of which was actually paid in ; went into operation and continued in business until the 16th of December 1854, when it stopped payment; and two days afterwards went into insolvency, and had assignees duly appointed under *St.* 1851, *c.* 327. At the times of the making of the four notes declared on, and of the commencement of the proceedings in insolvency, the debts of the corporation ex-ceeded, in different amounts, such capital stock. Before this action was commenced, the whole amount of the debts of the corporation had been reduced by the payment of preferred debts and of dividends to less than the amount of such capi-tal stock.

*B. R. Curtis & F. C. Loring*, for the defendants.

*C. B. Goodrich*, for the plaintiffs. 1. Whenever an excess of indebtment beyond the capital stock of a manufacturing corpo-ration shall exist, " the directors, under whose administration it shall happen, shall be jointly and severally liable to the extent of such excess, for all the debts of the company then existing, and for all that shall be contracted, so long as they shall respec-tively continue in office, and until the debt shall be reduced to the said amount of the capital stock." Rev. Sts. *c.* 38, § 25. *St.* 1829, *c.* 53, § 8. *Milldam Foundry* v. *Hovey*, 21 Pick. 454.

20 *

The liability of the directors from an excess of indebtment attaches at the time when the debt is contracted, and not at the commencement of an action for its recovery. The plaintiffs aver the existence of an excess of indebtment at the time their debt was contracted; a subsequent reduction does not discharge the liability, but only protects the officers from debts subsequently incurred within that limit. Rev. Sts. *c.* 38, §§ 16, 19, 20, 22. The reduction must be by the act, and out of the private funds, of the directors; not by payments made by an assignee in insolvency of the corporation. *Stedman* v. *Eveleth*, 6 Met. 120. *Curtis* v. *Harlow*, 12 Met. 5.

2. Any creditor, whose debt has been contracted while the excess of indebtment continued, may have an action at law against the directors under whose administration the excess was created. The words of the statute upon this point are explicit. " When any of the officers of any manufacturing corporation shall be liable, by the provisions of this chapter, to pay the debts of such company, or any part thereof, any person to whom they are so liable may have an action on the case against any one or more of the said officers;" Rev. Sts. *c.* 38, § 29; or " may, instead of the proceedings mentioned in " §§ 29 & 30, " have his remedy against the said officers or stockholders by a bill in equity." § 31. The same election of remedies was given by *St.* 1829, *c.* 53, § 11.

The cases of *Harris* v. *First Parish in Dorchester*, 23 Pick. 112, and *Crease* v. *Babcock*, 10 Met. 531, arose under the Rev. Sts. *c.* 36, §§ 30, 31, which merely declared a liability, without specifying the remedy. This is more like a claim against the directors of a bank under *c.* 36, § 11, which expressly authorizes a creditor to pursue his remedy by action, or by bill in equity, at his election.

It does not appear that any other creditors who may have claims against the defendants will ever assert their rights. If they should, the defendants, whenever they shall have paid to the extent of their liability, may plead such payment in answer, and in discharge of any additional liability. Even if equity might have been resorted to, yet the plaintiffs have a right,

under the statute, to proceed at law, until restrained by other creditors asking the assistance of the court, or by the defendants bringing their suit against all the creditors in like condition with the plaintiffs, with an offer to pay if liable; in either of which events the plaintiffs would be entitled, by reason of their diligence in asserting their legal rights, to priority of payment, or, at least, to their costs.

SHAW, C. J. The reduction of the debts within the capital stock by dividends and payments by the assignees was not such a reduction, within the meaning of the statute, as to exempt the defendants from liability.

But we are of opinion that an action at law, under the circumstances of this case, will not lie. The statute says that " any person to whom they are so liable may have an action on the case against any one or more of the said officers." Rev. Sts. c. 38, § 29. But taking this section in connection with § 31 of the same chapter, authorizing a bill in equity instead of such action at law; and with c. 81, § 8, giving this court jurisdiction in equity in all " cases in which there are more than two persons having distinct rights or interests, which cannot be justly and definitely decided and adjusted in one action at the common law;" we are of opinion that the plaintiffs' remedy is in equity.

Here all the directors are liable. It is like *Crease* v. *Babcock*, 10 Met. 533, except that in that case the defendants, stockholders, were liable in various amounts; whereas here the directors are liable for the whole amount for which any are liable. But the cases are alike in this, that there are various parties, having several and unequal claims against a common fund. That fund here consists, by statute, of the excess of the debt over the capital; and the claims of the creditors, by the case stated, greatly exceed that fund. *Harris* v. *First Parish in Dorchester*, 23 Pick. 112. *Atlas Bank* v. *Nahant Bank*, 23 Pick. 488. *Crease* v. *Babcock*, 10 Met. 531. *Thayer* v. *Union Tool Co.* 4 Gray, 75. *Demurrers sustained.*[*]

* See *Merchants' Bank* v. *Stevenson*, 5 Allen, 325.